**G. & W. H. CORSON, INC., Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE.**

**Nos. 19314, 19315.**

United States Court of Appeals, Third Circuit.

Argued Oct. 1, 1971.

Decided Nov. 22, 1971.

Jules I. Whitman, Dilworth, Paxson, Kalish, Levy & Coleman, Philadelphia,

Pa. (Richard L. Levy, Philadelphia, Pa., on the brief), for appellant.

Grant W. Wiprud, Dept. of Justice, Tax Div., Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Joseph H. Reiter, Attys., Tax Div., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before SEITZ, Chief Judge, HASTIE, Circuit Judge; and HERMAN, District Judge.

## OPINION OF THE COURT

PER CURIAM:

This appeal challenges a decision of the Tax Court that sustained the Commissioner's determination of deficiencies in the appellant's income taxes as returned for 1961, 1962 and 1963. The Tax Court held that dolomitic limestone, also called dolomite, mined by the taxpayer and used in certain products that it manufactures and sells qualifies under Section 613(b)(7) of the 1954 Internal Revenue Code for only a 5 percent depletion allowance rather than for a 15 percent allowance as claimed by the taxpayer in its returns.

The allowable depletion rate is determinable under the following language of Section 613(b)(7):

"(7) 15 percent—all other minerals (including, but not limited to, * * * dolomite, * * *), * * * except that, * * * the percentage shall be 5 percent for any such other mineral (other than slate to which paragraph (5) applies) when used, or sold for use, by the mine owner or operator as rip rap, ballast, road material, rubble, concrete aggregates, or for similar purposes. * * *" 26 U.S.C. § 613(b)(7).

The precise holding of the Tax Court is stated accurately in the headnote of its opinion as follows:

"*Held:* (1) The 5 percent depletion rate provided for in sec. 613(b)(7), I.R.C. 1954, is applicable to dolomitic limestone used by petitioner as an aggregate in the manufacture of Poz-O-Pac, a patented product, which is used primarily as a base for roads, even though there is some chemical reaction between the dolomitic limestone and another ingredient in Poz-O-Pac.

"(2) The 5 percent depleiton rate provided for in sec. 613(b)(7) is applicable to the pulverized dolomitic limestone used as an aggregate in the manufacture of petitioner's masonry cement even though there is some chemical reaction between the dolomitic limestone and other ingredients in the masonry cement since this dolomitic limestone is used as a concrete aggregate or for a similar purpose within the meaning of sec. 613.

"(3) The value of the dolomitic limestone used by petitioner in the manufacture of Poz-O-Pac is the value of dolomitic limestone used as roadstone."

The taxpayer mines the dolomite here in question and uses it as an ingredient in its manufacture of products that it sells under the trade names "Poz-O-Pac" and "Corson's Masonry Cement." Poz-O-Pac is used by taxpayer's vendees primarily as a base underlying a road surface, although it has also been used in the construction of such similar installations as airport runways and parking lots. Corson's Masonry Cement is sold for use in making mortar for masonry construction. This Corson product contains about 24% pulverized dolomitic limestone. The other ingredients are Portland cement, fly ash and hydrated lime.

In terms of Section 613(b)(7), the Tax Court reasoned that the end use of taxpayer's dolomite was sufficiently analogous to use "as * * * road material * * * [or] concrete aggregates" to be comprehended by the associated phrase "or for similar purposes." However, the taxpayer contends that this language should not be construed as covering the dolomite used in its products for two reasons. It reads the statutory listing of uses that warrant only a 5 percent depletion allowance as comprehending only stone that is an inert ma-

terial useful solely for its mass and stability. It points to evidence that in Poz-O-Pac and Corson's Masonry Cement its dolomite not only supplies mass but also reacts chemically with other ingredients in ways that improve the end product, though without changing its end use. Second, it is argued that, within the meaning of Section 613(b) (7), the "use" made of its dolomite is the manufacture of Poz-O-Pac and Corson's Masonry Cement, not the building of roads and masonry structures for which those manufactured products are used.

We agree with the Tax Court that dolomite can be used for purposes similar to road material or concrete aggregates although it is valuable for the use in question not only because of its physical properties but also because of a chemical reaction between the limestone and other material with which it is associated. In addition, we think the Tax Court reasonably construed the phrase "for similar purposes" as including "those uses reasonably commercially competitive with the uses specifically enumerated." And the Tax Court opinion adequately shows such commercial competition in this case. The language of the section is comprehensive and its legislative history does not dictate such restrictive interpretation as the taxpayer would require.

■ The taxpayer's point that it uses its dolomite only in manufacturing and sells only the resulting manufactures is ingenious, but we do not find it dispositive. The taxpayer reasons that the purpose for which the manufacture, Poz-O-Pac, is used does not determine the purpose for which its ingredient, dolomite, is used. Rather, it is urged that, once it is shown that the immediate use of the dolomite is for the manufacture of this intermediate product, the subsequent sale and intended and characteris-

tic use of Poz-O-Pac and the dolomite it contains as a road base is irrelevant to the tax classification of the dolomite. Rejecting this argument, the Tax Court reasonably construed the statute as making the end use of the dolomite, whether alone or pre-mixed with other substances, determinative of the allowable rate of depletion.

Finally, whatever the correct depletion rate may be, the taxpayer complains that the Commissioner and the Tax Court used an incorrect base in computing its depletion allowance for dolomite used in Poz-O-Pac.

The Tax Court found, with adequate support in the record, that all of the dolomite mined by the taxpayer is of the same general grade. Some is sold for direct use as roadstone. Some is sold at higher prices for chemical purposes. Some is used in making Poz-O-Pac. The issue is whether the average price of dolomite sold by the taxpayer for roadstone or the average price of like dolomite sold by it for chemical use should be the base for computing the depletion allowance for dolomite used in Poz-O-Pac.

■ The Tax Court found on adequate evidence that the added value of taxpayer's stone sold for chemical uses resulted from sizing, washing, blending and measures of quality control that were not required for or involved in readying stone of like grade for use either as roadstone or as an ingredient in Poz-O-Pac. That finding fully justified the conclusion that the average price of taxpayer's roadstone provides a proper base for computing the depletion allowance for stone used in Poz-O-Pac.

The opinion of the Tax Court, reported in 54 T.C. 668, is detailed and soundly reasoned. We find no reversible error in it.

The decision will be affirmed.